IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| ERIC D. SOUTH, | : | Case No.  2:05 CV 092 PGC |
| Plaintiff, | : | |
| vs. | : | **REPORT AND RECOMMENDATION** |
| STATE OF UTAH, | : | |
| Defendant. | | Judge Paul G. Cassell |
| | | Magistrate Judge Brooke C. Wells |

Plaintiff, Eric South, *pro se*, filed the instant action against the State of Utah on behalf of himself and putative class members alleging violations of certain constitutional rights. Before the court is Defendant's motion to dismiss pursuant to a referral by District Judge Paul Cassell.  See 28 U.S.C. § 636(b)(1)(B).

The court has carefully reviewed the memoranda and pursuant to Utah local rule 7-1(f) elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful.  See DUCivR 7-1(f).

After reviewing the memoranda, the facts of this case, and relevant law, this court recommends the district court GRANT Defendants' Motion to Dismiss.

DISCUSSION

On February 2, 2005, Plaintiff sued the State of Utah on behalf of himself and all other "fit" parents who have been adjudicated non-custodial parents by the courts of Utah.  See Complaint p. 1-2.  Plaintiff brings this suit pursuant to numerous federal statutes for Utah's alleged violations of, *inter alia*, nearly all Plaintiff's constitutional rights, provisions of the tax code, a plethora of federal acts, and even cites to the Magna Carta for the ancient proverb that "Justice Delayed is Justice Denied" in support of his case.  Plaintiff's Complaint p. 9-16.  Plaintiff seeks one million dollars ($1,000,000.00) for each putative class member as well as all manner of equitable relief, including modification of prior orders entered by Utah courts.  See id. p. 38-41.

On March 14, 2005, the State of Utah filed a motion to dismiss arguing that their motion should be granted on several grounds.  First, this court lacks jurisdiction under the Eleventh Amendment to the Constitution.  Second, Plaintiff's complaint would lead this court to violate the *Rooker-Feldman* doctrine by seeking modification of state court judgments.  See Kenmen Engineering v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002) (stating that the "*Rooker-Feldman* doctrine prohibits a lower federal court from considering claims actually decided by a state

court, . . ., and claims 'inextricably intertwined' with a prior state-court judgment"). Finally, Defendant argues that Plaintiff fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).

When reviewing a plaintiff's allegations, the court must construe the *pro se* complaint liberally. See Haines v. Kerner, 404 U.S. 519, 519-21 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1179, 1173-74 (10th Cir. 1997). The broad reading of a plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Not every fact need be described in specific detail, but "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id. R. Civ. P. 12(b)(6).

As noted *supra*, Defendant has offered numerous grounds for dismissing the current action. However, the important question of jurisdiction over Defendant is dispositive of the case. Defendant argues that "[b]ecause the State has not consented to being sued in federal court, this Court lacks jurisdiction over [Plaintiff's] complaint and it must be dismissed with prejudice." Def.'s Mem. in Supp. p. 3. Plaintiff bears the burden of

persuasion if jurisdiction is challenged.  See Bear Lodge Multiple Use Ass'n v. Babbitt, 175 F.3d 814, 820 (10th Cir. 1999) ("The party invoking federal jurisdiction bears the burden of establishing [the required] elements and of coming forward with evidence of specific facts which prove standing.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  Plaintiff has failed to carry this burden.

The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

United States Constitution Amend. XI.  On its face, the Eleventh Amendment applies only to suits against a state by citizens of another state.  See id.  However, the Supreme Court has extended the Amendment's applicability to suits by citizens against their own state.  See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000) ("Accordingly, for over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States."); College Savings Bank v. Florida Prepaid Postsecondary Ed. Exp. Bd., 527 U.S. 666, 669-70 (1999); Seminole Tribe of Fla v. Florida, 517 U.S. 44, 54 (1996).  In essence, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private

individuals in federal court." <u>Board of Trs. Of the Univ. of Alabama v. Garrett</u>, 531 U.S. 356, 363 (2001).

The State of Utah is entitled to Eleventh Amendment protection in this case unless there is an exception.  There are three potential exceptions.  <u>See</u> <u>Elephant Butte Irr. Dist. of New Mexico v. Dep't. of Interior</u>, 160 F.3d 602, 607 (10th Cir. 1998). First, a state may consent to be sued.  Second, Congress may expressly negate a states' immunity.  Finally, there is the *Ex parte Young* doctrine.  The *Ex parte Young* doctrine only applies when a lawsuit involves an action against state officials, not against a state, where a plaintiff seeks only prospective, injunctive relief.  <u>See id.</u>  None of these exceptions apply here.

Defendant has not waived its Eleventh Amendment immunity. <u>See</u> <u>Johns v. Stewart</u>, 57 F.3d 1544 (10th Cir. 1995).  "Utah law expressly provides that its state district courts have exclusive original jurisdiction over suits brought against it."  <u>Id.</u> at 1554.  Congress has not expressly waived immunity in civil rights cases against a state.  <u>See</u> <u>Will v. Michigan State Police Dep't.</u>, 491 U.S. 58 (1989).  Finally, no state official is named as a defendant, and because Plaintiff seeks damages in this action the *Ex parte Young* doctrine does not apply.

RECOMMENDATION

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss for want of jurisdiction be GRANTED.  All other motions are deemed moot.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3rd day of May, 2005.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge